IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN A. JOHNSON, | : | |
| Petitioner, | : | 1:16-cv-0162 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN, USP LEWISBURG, | : | |
| Respondent. | : | |

## MEMORANDUM

### February 5, 2016

Petitioner, Steven A. Johnson, an inmate currently confined at the United States Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner claims that his due process rights were violated during the course of a prison disciplinary hearing held at USP-Lewisburg. (Doc. 1-1, ¶ 1). Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the petition will be dismissed.[1]

## I.   FACTUAL BACKGROUND

Petitioner contends that he did not appear before a disciplinary hearing officer within fourteen days of receiving "a ticket, a 216, for prohibited acts [he]

---

[1] *See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

never committed." (Doc. 1, pp. 2, 6; Doc. 1-1, p. 1). He alleges that his hearing was postponed for one day because his staff representative was unavailable and that "they never returned to take me." (Doc. 1, p. 7). He alleges that his commissary privileges have been suspended until January 18, 2019, and that this date exceeds his release date. (*Id.* at 2). He is seeking restoration of his commissary privileges and "removal of charges and conviction." (*Id.* at 8). There is no indication that the sanctions imposed resulted in the loss of good conduct time.

## II.   DISCUSSION

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* Petitioner, however, fails to make a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interest that are protected by the Due Process Clause. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss

of good conduct time).  To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In the instant action, Petitioner did not lose good conduct time.  Rather, he was sanctioned to loss of commissary privileges.  This sanction does not implicate protected liberty interests as it does not result in any atypical or significant hardships in relation to the ordinary incidents of prison life.  *See Jones v. Thomas*, No. 3:13-cv-3105, 2014 WL 3113420 (M.D. Pa. July 7, 2014) (concluding that temporary placement in disciplinary segregation, and temporary loss of commissary and telephone privileges do not implicate protected liberty interests).  Because the sanctions imposed did not include a loss of good conduct time and, therefore, had no impact on the fact or length of his sentence or confinement, the petition is subject to dismissal.  *See Leamer*, 288 F.3d at 540-42; *Castillo v. FBOP FCI Fort Dix*, 221 F. App'x. 172 (3d Cir. 2007)

A separate Order will issue.